Haddam Granite Company, Incorporated, Respondent, v. The Brooklyn Heights Railroad Company, Appellant.

Sales — Construction of Contract for Articles to be Delivered at Specified Times in the Future — Measure of Damages for Breach of Contract — Evidence. Where it appears, in an action brought to recover damages alleged to have been suffered by plaintiff by reason of defendant's failure to take and pay for a certain number of granite paving blocks, that the order, made by defendant and accepted by plaintiff, which constituted the contract in question, merely stated that the defendant would take a specified number of granite blocks of specified sizes at a specified price per thousand to be delivered at a specified place, and there is nothing contained in the order or alleged in the complaint showing that the blocks were to be manufactured in the future or that they were required to be of any specified granite or to be taken from any particular quarry, so that the plaintiff might have fulfilled the contract by purchasing the blocks in the open market, or of any quarry owner, and delivering them to the defendant at the place specified, the measure of damages is the difference between the market value of the blocks and the contract price; it is error, therefore, after permitting the plaintiff to show that the blocks had no market value, to exclude evidence, offered by the defendant, to show that plaintiff's witnesses were mistaken and that there was a general market value for granite paving blocks.

*Haddam Granite Co.* v. *Bklyn. Heights R. R. Co.*, 107 App. Div. 616, reversed.

(Argued October 12, 1906; decided October 23, 1906.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 13, 1905, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

*John L. Wells, Thomas L. Hughes* and *George D. Yeomans* for appellant. The court erred in excluding the evidence offered by the defendant that there was a standard market value for the paving blocks described in the alleged contract. (*Masterton* v. *Mayor, etc.*, 7 Hill, 61; *N. Y. & M. G. P. Co.* v. *Howell*, 7 N. Y. S. R. 494; *Cahan* v. *Platt*, 69 N. Y. 348; *Canda* v. *Wick*, 100 N. Y. 127; *Bigelow* v. *Legg*, 102 N. Y. 652; *Windmuller* v. *Pope*, 107 N. Y. 674; *Todd* v. *Gamble*, 148 N. Y. 382; *Kelso* v. *Marshall*, 24

App. Div. 128; *Snell* v. *R. P. Co.*, 102 App. Div. 139; *Kingman* v. *H. W. Co.*, 52 N. E. Rep. 328.)

*John Ewen* for respondent. Where the purchaser of goods to be manufactured repudiates the contract in advance of the manufacture of the goods, or is guilty of a breach of contract which justifies the vendor in suspending the further manufacture of the goods and he does so, then the measure of damages is the difference between the cost of manufacture and the contract price. (*Belle of Bourbon Co.* v. *Leffler*, 87 App. Div. 302; *Nichols* v. *S. S. Co.*, 137 N. Y. 471; *Roehm* v. *Horst*, 178 U. S. 1; *Hinckley* v. *P. B. S. Co.*, 121 U. S. 264; *P. W. & B. R. R. Co.* v. *Howard*, 13 How. [U. S.] 307; *U. S.* v. *Speed*, 75 U. S. 77; *U. S.* v. *Behan*, 110 U. S. 338; *Hall* v. *Trout*, 35 Cal. 229; *Tahoe Ice Co.* v. *Union Ice Co.*, 109 Cal. 242; *Sullivan* v. *MacMillan*, 26 Fla. 543.)

HAIGHT, J. This action was brought to recover damages alleged to have been sustained by the plaintiff by reason of the failure to take and pay for four hundred thousand granite paving blocks, under an alleged contract between the plaintiff and defendant providing that defendant would take five hundred thousand granite blocks from the plaintiff and pay for the same the sum of sixty-two dollars per thousand.

Upon the trial it was conceded that one hundred thousand granite blocks had been taken by the defendant and paid for, so that the controversy arises with reference to the remaining four hundred thousand blocks. The question brought up for our determination has reference to the measure of damages adopted by the trial court. The contention on the part of the plaintiff is that the contract called for goods to be manufactured and delivered at specified times; that such goods had no general market value, and, therefore, the measure of damages was the difference between the cost of production and delivery and the price agreed upon. On behalf of the defendant the contention is that there was a standard market value for granite paving blocks of the dimensions called for, and that the measure of damages, if any, was the difference

between the market value and the contract price. The plaintiff, in support of its contention, called its treasurer as a witness and asked the question as to "Whether or not there is a general market for that sort of blocks," referring to the paving blocks called for by the specifications. To this the defendant's counsel interposed an objection as incompetent and immaterial, but the objection was overruled and the witness was permitted to answer, under the exception of the defendant's counsel, in effect that there was not. The plaintiff then, under the objection and exception of the defendant's counsel, proceeded to show the cost of production and delivery at the place required by the contract, for the purpose of establishing the measure of damages which it contended it was entitled to have adopted. The defendant called as a witness on its behalf the purchasing agent of the defendant company, who testified that he was familiar with the market generally of granite paving blocks of the character and size described in the specifications, and then he was asked if he had made inquiry and bid for blocks of this character in the open market during that time, alluding to the period referred to in the contract. The question was objected to by the plaintiff's counsel as immaterial and irrelevant. The court sustained the objection and the defendant took an exception. The defendant's counsel then asked the question as to whether there was a market value in Brooklyn for these granite blocks. There was the same objection, ruling and exception. In submitting the case to the jury the trial court charged that the measure of damages was the difference between the cost of production and the delivery at the defendant's dock and the price agreed upon, to which the defendant excepted. The question, therefore, as to the measure of damages which the plaintiff is entitled to recover is squarely presented for our determination.

It is apparent that the plaintiff's counsel considered the question as to whether there was a general market value for granite paving blocks one of fact to be determined from the evidence, inasmuch as he was careful to prove by the treasurer of the plaintiff that there was no such market value, and yet

when the defendant undertook to prove that there was such a market value its counsel was prohibited from so doing by an objection of the plaintiff's counsel and the ruling of the trial court in his favor. If it was competent and proper for the plaintiff to show that such blocks had no market value it would seem that the defendant ought to have been accorded the privilege of showing that the plaintiff's witness was mistaken with reference to the fact and that there was a general market value for such property. But passing this question for the present, the contention on behalf of the plaintiff is to the effect that it sold goods to be manufactured and delivered in the future; that it was the owner of a granite quarry, from which it quarried the blocks and shipped them to the place designated in the contract. Upon referring to the complaint we find that the allegation is that the defendant entered into an agreement whereby the plaintiff undertook and agreed to furnish the defendant and the defendant agreed to take from the plaintiff five hundred thousand granite paving blocks and agreed to pay therefor at the rate or price of sixty-two dollars per thousand. It will be observed that there is nothing in the complaint that charges that the blocks were to be manufactured in the future, or that they were to be taken from any particular quarry. They were simply to be granite paving blocks.

It appears from the evidence that the plaintiff did have a quarry, and that there had been previous negotiations between the parties, and at least two different contracts had been drawn and submitted for approval; but, under date of August 14, 1903, a letter was written on behalf of the defendant company to the treasurer of the plaintiff company, in which it is stated that " The contract signed by this Company on the second day of April, 1903, which was never executed by you, and which you have this day surrendered, will no longer be considered as an order for granite blocks to be furnished by your quarry." Apparently, this disposed of the negotiations that had theretofore taken place as to any order for granite from the plaintiff's quarry. Then the defendant's letter proceeded to make an independent order for "Five hundred thousand granite

block, subject to inspection as to quality and size, the size is length 8 to 12, width $3\frac{1}{2}$ to $4\frac{1}{2}$, depth 6 inches to 7 inches, one-half of the above to be delivered on or before April 1st, 1904, and the balance on or before June 1st, 1904, any blocks undelivered as above specified to be received only at the option of this Company. The delivery of these blocks to be made on such of this Company's docks in Brooklyn, N. Y., as we will from time to time designate, the price to be $62 per thousand delivered on dock payable within thirty days after delivery." This order was accepted by the plaintiff company.

It will be observed that there is nothing in the new order specifying that the granite should be from the plaintiff's quarry or any other specified quarry. It merely calls for granite blocks of the sizes specified to be delivered upon the company's docks in Brooklyn. Neither is there any provision in the order requiring the blocks to be manufactured in the future from any specified character of granite. Indeed, there is nothing in its provisions that would prohibit the plaintiff from going into the market or to any granite quarry owner and purchasing the blocks called for by the contract and fulfill its part of the contract by delivering the blocks so purchased to the defendant at the docks specified. We, therefore, conclude that, reading the contract in connection with the allegation of the complaint that it was simply a contract for purchase and sale of an article of merchandise, and that, if it had a general market value at the time and at the place of delivery called for by the contract, the measure of damages would be the difference between the market value and the contract price. (*Todd* v. *Gamble*, 148 N. Y. 382.) We consequently conclude that the court erred in excluding the evidence offered on behalf of the defendant to show that there was a standard market value, and for that reason the judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., EDWARD T. BARTLETT, VANN, HISCOCK and CHASE, JJ., concur; GRAY, J., absent.

Judgment reversed, etc.