## LIVINGSTON v. BLAIR.

No. 13859—Opinion Filed Nov. 25, 1924.

**1. Contracts—Mutuality.**

Where one promises to pay money to another on performance by the other of a particular thing, lawful in its nature, mutuality of contract exists because the performance constitutes the consideration for the promise to pay.

**2. Same—Lack of Mutuality Supplied by Performance.**

Where defendant has actually received the consideration of a written agreement, performed in good faith by plaintiff, he cannot defend an action for a breach of his covenants thereof, on the ground that the instrument is unilateral and lacking in mutuality, since such defect is supplied by such performance of the plaintiff.

**3. Same—Indefiniteness Cured by Performance.**

Likewise, under the facts of syllabus 2 above, defendant cannot defend such action on the ground that such agreement is indefinite and uncertain, where such performance by plaintiff is within a reasonable time, in good faith, and accepted by defendant.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Tulsa County; Albert C. Hunt, Judge.

J. S. Blair had judgment against Will Livingston, from which the latter appeals. Affirmed.

C. H. Rosenstein, for plaintiff in error.

C. R. Nixon, for defendant in error.

Opinion by ESTES, C. Parties will be referred to as they appeared in the trial court, inverse to their order here. Defendant Livingston signed and delivered to plaintiff the following:

"Tulsa, Oklahoma, June 15, 1916.

"1, the undersigned hereby agree to pay to J. S. Blair for certain or any contracts for casing-head gas, suitable for the purpose of manufacturing casing-head or natural gas gasoline, the sum of $2,500, provided that the said contracts shall represent a total volume of gas of 500,000 cubic feet per 24 hours, with a capacity of making gasoline of from one and one-half to two gallons per thousand cubic feet, and provided that said contracts shall be duly signed by the proper officers of the companies they represent. And I further agree to pay to J. S. Blair in addition to the above sum the sum of $500 for each and every 100,000 cubic feet over and above the above mentioned volume of 500,000 cubic feet per 24 hours. Will Livingston."

The undisputed testimony of plaintiff is that, in pursuance thereof, he procured three several contracts in writing from three companies producing casing-head gas, in the area of Tulsa; that such contracts represented a production of 690,745 cubic feet of gas per day; that by his test of the content of the gas under each contract, the same in each case was capable of producing more than two gallons of gasoline—averaging two and four-tenths gallons—per 1,000 cubic feet of gas; that two of such contracts were taken in the name of defendant Livingston, as obligee, and one, in his own name and duly assigned by plaintiff to defendant; that plaintiff duly delivered such three contracts to defendant Livingston in the presence of his attorneys and they were, by defendant, accepted without objection; that each of such three contracts purported to have been signed by the respective obligor companies by certain of their officers; that defendant had made no payments for such services. Defendant neither testified nor offered other evidence in his behalf. The court sustained defendant's objection to an instructed verdict and submitted the cause to the jury on said evidence, to determine the amount, if any, due plaintiff. The verdict was for plaintiff for $3,453.73, and from the judgment thereon, defendant has duly appealed. Discussion of the propositions herein will disclose and dispose of the alleged errors assigned and argued.

1. 2. It is contended that said instrument was void for want of mutuality—that defendant was not bound because plaintiff was not at the time bound in any manner. That said contract was unilateral is self-evident. It is elementary that defendant Livingston was not at the time of its execution or immediately thereafter bound in any manner by said contract because plaintiff Blair was not bound at that time to perform any services. It is likewise, if not quite elementary that where one promises to pay money to another on performance by the other of a particular thing, lawful in its nature, mutuality of contract exists, because the performance constitutes a consideration for the promise to pay. Hall v. Olson (Ore.) 114 Pac. 638. Although there was a lack of mutuality in the beginning, this was cured or supplied by the delivery to the defendant of the three contracts and their acceptance by him. In 13 C. J. 335, it is said:

"Although there is a lack of mutuality in the beginning, this may be cured by the other party subsequently binding himself also by promise or act. Thus if A. promises B. to pay him a sum of money if he will do a particular act or make a particular prom-

ise, and B. does the act, the promise thereupon becomes binding, although B. at the time of the promise does not engage to do the act or to make the promise. In the intermediate time the obligation of the promise is suspended, for until the performance of the condition of the promise there is no consideration, and the promise is nudum pactum; but, on the performance of the condition by the promisee, it is clothed with a valid consideration which relates back to the promise, and it then becomes obligatory. Therefore a contract to pay a certain sum, on the performance of certain acts by another becomes a binding obligation on the promisor on the performance of said acts before the revocation of the contract, although it expresses no consideration past or present and contains no promises that such acts shall be performed."

The following from Storm v. U. S., 94 U. S. 76, 83, 24 L. Ed. 42, applies to defendant:

"Where the defendant has actually received the consideration of a written agreement, it is no answer to an action brought against him for a breach of his covenants in the same to say, that the agreement did not bind the plaintiff to perform the promises on his part therein contained, provided it appears that the promises in question, have, in fact, been performed in good faith, and without prejudice to the defendant."

3. Defendant also contends that the said contract is too indefinite, vague, and uncertain to be enforced. It provides that plaintiff should be paid "for certain or any contracts for casing-head gas." It is indefinite as to price, terms, time, and perhaps otherwise. Said instrument, referred to for convenience as a contract, properly speaking, as shown by the first sentence, amounts only to a proposal or offer to purchase. In any event it was subject to be withdrawn at any time before performance by plaintiff. For the same reasons set forth above, defendant cannot complain here that said contract is too indefinite for enforcement since it was made definite by himself by accepting the services performed in good faith and within a reasonable time. Defendant contends that it was not shown that the three contracts were duly signed by the proper officers of the companies. The record shows they purported to have been so signed. They were accepted by defendant in the presence of his attorneys without objection in this behalf.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.