## J. W. CHERRY & CO. v. CONSOLIDATED FLOUR MILLS CO.

No. 19305.    Opinion Filed May 6, 1930.

"The Consolidated Flour Mills Co., of Hutchinson, Kan., sells, and J. W. Cherry buys the following commodities, f. o. b. cars at point of shipment, freight allowed to Warwick, Okla., payable on arrival, draft with bill of lading attached, through_____ bank of _____.

| Quantity Cwt. Bbl. Ton | Commodity Flour, feed, etc. | Packages Size, kind wood, cotton, etc. | Brands | Price per unit Bbl., ton, or Cwt. |
|---|---|---|---|---|
| 400 | bbl. | 48 cot. | Mothers Bread | $8.50 |
| 400 | sax. | 100 blp. | Mill feed sellers | |

Best price on shipping date. Shipment within 6 months.

Time of shipment ————— bbls. on ———, ————bbls. on————; ————bbls. on————.

"Shipment. Title to shipment shall not pass until full payment. Buyer shall furnish seller shipping instructions (and on sales made on a bulk basis, the necessary packages) at least fourteen (14) days before the time of shipment.

"If the buyer fail to furnish shipping instructions or packages as herein provided, the seller may (1) cancel the contract, or (2) terminate the contract, the buyer to pay to the seller the difference between the contract price and the seller's cost of replacement, or (3) extend the contract thirty (30) days, the buyer to pay to the seller, as a carrying, one-third of one-cent (1-3c) per day per barrel on flour and one cent (1c) per day per ton on feeds; demand draft covering such charge may be made upon buyer when shipping instructions are due."

Walter Mathews, for plaintiff in error.

Thos. G. Andrews and Clyde L. Andrews, for defendant in error.

HERR, C. This is an action by the Consolidated Flour Mills Company against J. W. Cherry, doing business under the trade name of J. W. Cherry & Company, to recover damages for breach of contract for the sale of a certain quantity of flour purchased by defendant from plaintiff under a written contract. The trial was to the court, resulting in a judgment in favor of plaintiff. Defendant appeals.

The first two assignments of error are briefed and discussed by defendant together. They are: Error of the court in overruling his demurrer to the petition, and error in overruling his demurrer to the evidence. These assignments are based on the theory that the contract is void for uncertainty. The material provisions of the contract are as follows:

It is contended that the contract is void for the reason that it is uncertain as to quantity, quality, and price; that it fixes no definite time for performance, and that performance is wholly at the option of the defendant. We cannot agree with this contention. In our opinion, the contract provides for the sale and delivery of 400 barrels of Mothers Bread flour, to be shipped in 48-pound cotton sacks at the agreed price of $8.50 per barrel, and that shipments of the entire quantity shall be made within six months and shall be shipped as ordered by defendant.

13 C. J. 268, announces the following rule:

"If, with the aid of the usual tests and principles of construction, the court is able to ascertain and to enforce the intention of the parties, their agreement will not be held uncertain. So an agreement drawn up by illiterate persons will not be held uncertain, if it is possible for the court to ascertain their meaning. While a contract, incomplete on its face, may thereby be ambiguous, it

is not necessarily void. Absolute certainty is not required."

While the contract, in the case at bar, is not as clear in its terms as it might have been, still, we think the intention of the parties is readily ascertainable therefrom, and, applying to the above rule, the contract is not void.

Defendant relies on the case of Consolidated Flour Mills v. Nun, 122 Okla. 222, 254 Pac. 10. In our opinion, this case is not controlling, as a careful reading thereof and a comparison of the contract there construed with the contract here involved will disclose that the defects pointed out in the former do not here appear. We deem it unnecessary to further discuss that case.

It also appears from the evidence that the parties themselves thoroughly understood the contract. It appeared uncertain to neither of them at the time of its execution. Defendant partly performed the contract. He ordered, accepted, and paid for 143 barrels of the flour, paying therefor $8.50, per barrel, the price provided by the contract. The contract appeared certain enough at that time. Defendant certainly understood it. It only became uncertain after a decline in the market price of flour. We find no difficulty in sustaining the contract.

It is next contended that the court erred in admitting incompetent evidence. The evidence objected to relates to the measure of damages. A witness for plaintiff was permitted to testify, over the objection of defendant, that the difference between the contract price and the replacement of the flour was $413.27. Judgment was rendered for that amount. We are not advised what counsel meant by the word "replacement" in propounding this question. The evidence was taken by deposition, and counsel who briefed the case in this court were not present when the deposition was taken and concede that the evidence as to damages is rather indefinite, but contend that the judgment should not be reversed by reason thereof.

The evidence discloses that plaintiff did not have the flour on hand and ready for delivery at the time it was notified by defendant that the contract was invalid. The contract is an ordinary contract for the sale and delivery of personal property. Plaintiff's measure of damages is, therefore, the difference between the contract price and the reasonable market value of the property at the time of the breach. Kansas Flour Mills Co. v. Ballard, 120 Okla. 162, 250 Pac. .

1066; Haddam Granite Co. v. Brooklyn Heights R. Co. (N. Y.) 78 N. E. 858.

Sections 5987 and 6008, C. O. S. 1921, commonly known as the resale sections of the statute, do not apply to the instant case for the reason that plaintiff had none of the flour on hand to resell at the time of the breach.

The trial court evidently construed the word "replacement" to mean the market value of the flour, and, so construing it, overruled the objection and allowed damages on this basis. No objection was made as to the competency of the witness. The evidence offered was in the nature of a conclusion of the witness. The objection was that the evidence was incompetent. This method of proving damages is irregular, but the error in this case is harmless. No contention is made that the damages awarded are excessive. No evidence was offered by defendant, nor did he cross-examine the witness. He simply stood on his demurrer. The defense appears to have been based solely on the ground that the contract was void.

Having held the contract valid, plaintiff has a clear right to recover. In these circumstances, it occurs to us it would be folly to reverse the judgment simply because the witness was permitted to give his conclusion as to the damages suffered. This holding is in harmony with the spirit of section 319, C. O. S. 1921.

Judgment should be affirmed.

BENNETT, EAGLETON, HALL, and DIFFENDAFFER, Commissioners, concur. ANDREWS, J., disqualified and not participating.

By the Court: It is so ordered.

Note.—See under (1) 6 R. C. L. p. 835; R. C. L. Perm. Supp. p. 1829. See "Appeal and Error," 4 C. J. §2950, p. 967, n. 18. "Contracts," 13 C. J. §60, p. 269, n. 25. "Sales," 35 Cyc. p. 592, n. 53.