## HARLOW PUBLISHING CO. v. PATRICK.

No. 27410.   Oct. 19, 1937.

Paul D. Busby, for plaintiff in error.

W. F. Pardoe, for defendant in error.

HURST, J.   This action originated in the justice court, and from an adverse judgment, the plaintiff, Harlow Publishing Company, appealed to the district court, where again judgment was rendered for the defendant, and the plaintiff appealed to this court. It is an action to recover the balance due on what the plaintiff alleges is a written contract, as follows:

"Date 11-2-29.          Order No.____
"Harlow Publishing Company, Oklahoma City, Okla.

"Ship to: Fred L. Patrick,
"At
"Via: Sapulpa, Okla., Box 507.
"Terms:

| 1 Cut to be run in Makers of Gov. of Okla., Photo to Mail, | $150.00 |
|---|---|
| Pd. | 50.00 |
| To be paid 1st Dec. | $100.00 |

"Signed: M. S. Hampton, Salesman.
"Signed:   Fred L. Patrick, Buyer."

The action was commenced September 18, 1933. When the case came on for trial in the district court, the defendant moved for judgment on the pleadings and opening statement. The defendant had filed no answer. The court sustained the motion on the theory that said instrument does not constitute a written contract and that the action was barred by the statute of limitations.

The only question argued is whether the above instrument constitutes a written contract. If so, the five-year statute of limitations (sec. 101, par. 1, O. S. 1931) applies; if not, the three-year statute of limitations (sec. 101, par. 2, O. S. 1931) applies. The defendant contends that said instrument is so indefinite and uncertain that it does not constitute a written contract. The plain-

tiff alleged that the contract had been fully performed on its part, and that the defendant had paid $50 as agreed in the instrument, and it contends that because of such performance the defendant is precluded from raising the defense of indefiniteness or want of mutuality, and it relies upon Sherbondy v. Tulsa Boiler & Machinery Co. (1924) 99 Okla. 214, 226 P. 564; Livingston v. Blair (1924) 104 Okla. 238, 231 P. 82; Roxana Petroleum Co. v. Goldrick (1925) 113 Okla. 298, 242 P. 228; J. W. Cherry & Co. v. Consolidated Flour Mills Co. (1930) 143 Okla. 99, 287 P. 1019; and 13 C. J. 268. We think these authorities support the contention of the plaintiff. The instrument is signed by the defendant and the representative of the plaintiff; it is reasonably clear that the defendant was to mail his photo to the plaintiff, and the plaintiff was to receive $150 for the service, of which $50 was paid when the instrument was signed, and $100 was to be paid December 1st, presumably that year, 1929.

It has been said that "the law does not favor, but leans against the destruction of contracts because of uncertainty" (6 R. C. L. 645), and this is particularly true where one of the parties has performed his part of the contract. See above authorities; also, Fisher v. Roper Lumber Co., 183 N. C. 485, 111 S. E. 857, 35 A. L. R. 1417.

We are of the opinion that the bill of particulars stated a cause of action on a written contract, and the court was in error in sustaining the motion for judgment on the pleadings.

Judgment reversed for a new trial.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS and CORN, JJ., concur.