**MIDLAND VALLEY R. CO. v. RAILWAY EXPRESS AGENCY, Inc.**

No. 1826.

Circuit Court of Appeals, Tenth Circuit.

June 19, 1939.

O. E. Swan, of Muskogee, Okl., for appellant.

C. A. Ambrister, of Muskogee, Okl. (A. M. Hartung, of New York City, on the brief), for appellee.

Before PHILLIPS and BRATTON, Circuit Judges, and KENNAMER, District Judge.

BRATTON, Circuit Judge.

This is an action at law instituted by Railway Express Agency, Inc., hereinafter called the express company, against Midland Valley Railroad Company, hereinafter called the railroad company, to recover the cost, less depreciation, of three buildings erected on land of the railroad company by the express company or its predecessor in interest, such buildings being located respectively at Muskogee, Pawhuska, and Tulsa, Oklahoma. The express company prevailed, and the railroad company appealed.

It is urged that the petition failed to state and the evidence failed to establish a cause of action. The petition alleged that on March 1, 1929, the parties entered into a written contract relating to the transaction of their interrelated business; that such contract provided for the use of buildings owned or erected by the express company on land of the railroad company; that in the event the express company should cease to do any business on the line of the railroad company or if the buildings were required by the railroad company for other purposes, the railroad company would purchase such buildings at their cost less depreciation; that the depreciation mentioned should be at the rate used by the American Railway Express Company as of February 28, 1929, or as fixed by the action of the Board of Directors of the express company, or by the Interstate Commerce Commission; that the express company owned the three buildings; that in January, 1933, the railroad company without notice advised the express company that it desired the possession and use of the one at Muskogee, and has since used and occupied it; that in October, 1934, the railroad company discontinued passenger service over its line of railroad; that in December, 1934, the express company vacated the building at Tulsa; that in March, 1935, it vacated the one at Pawhuska; and that in accordance with the terms of such contract demand had been made for the payment of the cost of such property less depreciation, but that payment had been refused. A copy of the contract was attached to the petition and made a part of it; also an itemized statement of the cost and depreciation of each building. By amendment to the petition, it was alleged that the rate of depreciation used in such itemized statement was that of the American Railway Express Company as of February 28, 1929, which was two and one-half per cent per annum.

The contract was the uniform one which the express company entered into with railroad companies throughout the country shortly after its organization for the conduct of its business over their lines of railroad. By section 4, Article IV, it was provided, as alleged in the petition, that in the event the express company should cease to operate its express business on the lines of the railroad company, or if the railroad company should require the land on which the buildings of the express company were located for other purposes, the railroad company would purchase such buildings at cost less depreciation at the time the express company vacated them. The evidence showed that the railroad company took possession of the building owned by the express company and used in the conduct of its business at Muskogee; that it discontinued passenger service on its lines of railroad; that due to such discontinuance of passenger service the express company thereafter vacated the buildings at Pawhuska and Tulsa; and that written demand had been made for payment of the cost of such buildings less depreciation.

The argument is that treating the action as one in equity for specific performance, there was no charge of breach of contract or claim of damage; that treating it as one at law, there was no allegation of performance on the part of the express company and it was not alleged that the express company was ready, able, or willing to perform; and further, that the pleading and the proof showed that the express company did not perform by tendering a deed conveying the properties. The pleading set out the ownership of the buildings, the taking of one, the vacation of the other two, and the demand for payment. The buildings were erected under a written contract on land which belonged to the railroad company. They were treated throughout as personalty. Delivery of possession was all that was necessary to pass complete title to the railroad company. Title passed in one instance at the time the railroad company took possession of the building, and in the other two instances at the time the express company vacated the buildings. No other or further act or performance was required. A deed of conveyance was not necessary. The petition

stated and the proof established a cause of action.

■ The right of the express company to recover is further challenged on the ground that the contract was invalid. The asserted grounds of invalidity are that the express company was not obligated to sell the buildings; that the time of purchase was when the express company should vacate them and it was not required ever to vacate them; and that the purchase price was uncertain. The parties entered into the contract for their mutual benefit; it was founded on a valuable consideration; it was not illegal or against public policy; the express company expended substantial sums of money in reliance upon its provisions; the parties operated under it for several years; each derived and accepted benefits from it; and the express company has fully performed its obligations under its terms. It is well settled that the railroad company cannot now be heard to question its validity for vagueness, uncertainty, or want of mutuality. Cromwell v. Lewis, 98 Okl. 53, 223 P. 671; Sherbondy v. Tulsa Boiler & Machinery Co., 99 Okl. 214, 226 P. 564; Livingston v. Blair, 104 Okl. 238, 231 P. 82; Roche v. Madar, 104 Wash. 21, 175 P. 314; Stutsman v. Crain, 185 Iowa 514, 170 N.W. 806; Mississippi Glass Co. v. Franzen, 3 Cir., 143 F. 501; Chicago, M. & St. P. Ry. Co. of Idaho v. United States, 9 Cir., 218 F. 288; Ward v. Pearsall, 9 Cir., 3 F.2d 365; Electric Management & Engineering Corp. v. United P. & L. Corp., 8 Cir., 19 F. 2d 311.

■ Complaint is predicated upon the action of the trial court in determining that the depreciation referred to in section 4, Article IV of the contract, previously adverted to, was fixed by section 4, Article V. Section 4, Article IV provided that the building should be purchased at cost, less depreciation. Article V followed. It provided at the outset that in addition to other payments therein provided for, the express company should account to the railroad company as thereinafter provided in such article. Provision was then made for certain items. It was then provided that from the total of items (a) to (d), inclusive, should be deducted all operating expenses of the express company including depreciation and the several payments, expenses, and indemnities undertaken by the express company referred to in Articles IV, VII, VIII, IX, X, XI, and XVII; and that such depreciation should be at the rates used on February 28, 1929, by the American Railway Express Company or as fixed by action of the Board of Directors of the express company, or by the Interstate Commerce Commission. And Article XX provided that all of the provisions embodied in the contract were deemed to be inseparable and interdependent. Prior contracts were introduced in evidence and were before the trial court. Reference is made to them in the record but their contents are not before us. It is not necessary to resort to them as an aid in the interpretation of the contract involved here. It is an inveterate rule in the construction of a written instrument that ordinarily the same word occurring more than once is to be given the same meaning unless the context indicates that it was used in a different sense. Jensen-Salsbery Laboratories v. O. M. Franklin Blackleg Serum Co., 10 Cir., 74 F.2d 501; Pringle v. Wilson, 156 Cal. 313, 104 P. 316, 24 L.R.A.,N.S., 1090; Chicago Home for Girls v. Carr, 300 Ill. 478, 133 N.E. 344; Dana v. Wildey Savings Bank, Mass., 2 N.E. 2d 450; American Book Co. v. State, 216 Ala. 367, 113 So. 592; Lyon v. Gray, Tex.Civ.App., 288 S.W. 545. There is nothing in the context of this contract which indicates that the word "depreciation" was used differently or in an unrelated sense in the two provisions. On the contrary, the context clearly indicates an intent on the part of the contracting parties to provide that the express company should pay for buildings constructed for use in the conduct of the express business, that it should get its money back at the rate of two and one-half per cent per year out of earnings, and that where buildings were taken by the railroad company or were vacated and surrendered to the railroad company before the cost had been regained, it should be compensated on the basis of cost, less depreciation at that time computed at the rate of two and one-half per cent per year.

■ Error is predicated upon the finding of the court in respect to the cost of the building at Pawhuska. It is said that the finding is not supported by substantial evidence. Statements or invoices submitted by the general contractor and builder, the electric company, and the plumbing and electric supplies company in connection with the construction of such building, also the checks issued in payment of such statements or invoices were tendered by the express company and tentatively admitted in evidence over the objection of the railroad

company. The witness who produced such statements or invoices and checks was assistant to the vice president of the express company in the accounting department. He did not have personal knowledge of the facts. But he identified the signatures to the checks; the statements and invoices and the checks were a part of the records of the express company; and after they had been tentatively admitted the witness was cross-examined concerning them. No motion to strike the evidence was made at any time after its admission; no request for a further ruling was tendered; and no specific ruling was made. The evidence was therefore admitted and before the court for appropriate consideration. But that was not all. The express company wrote the railroad company under date of March 1, 1935, making demand for payment of the three buildings. An itemized statement purporting to show cost and depreciation of each was enclosed with the letter. A copy of the letter and a copy of the statement were introduced in evidence without objection. The railroad company did not offer any evidence bearing upon the question. The finding is supported by substantial evidence and cannot be disturbed on appeal.

The railroad company requested a finding that the only demand for payment which the express company made upon the railroad company in its relation to the building at Muskogee was for an amount in excess of the cost of such building less depreciation at the rate of two and one-half per cent per annum, as found by the court. The refusal to make such finding is assigned as error. Although the demand was for a sum slightly in excess of the cost less depreciation of that building, it was a good demand for the amount actually due. The fact that an excessive sum was demanded did not absolve the railroad company of its obligation to pay the amount to which the express company was entitled. Colby v. Reed, 99 U.S. 560, 25 L.Ed. 484; Shubert v. Rosenberger, 8 Cir., 204 F. 934, 45 L.R.A.,N.S., 1062; Emack v. Hughes, 74 Vt. 382, 52 A. 1061.

Finally, we are asked to reverse the judgment for the reason that the court concluded as a matter of law that the execution of the contract having been admitted, the burden rested on the railroad company to show that it had discharged such contract. Conceding, without deciding, that the conclusion was erroneous and that the burden rested on the express company, the railroad company was not prejudiced as the express company assumed and discharged the burden of establishing the material allegations of the petition which were in issue.

The judgment is affirmed.