Robert BROWN, Plaintiff In Error,

v.

R. L. BIVINGS, Defendant in Error.

No. 35540.

Supreme Court of Oklahoma.

Nov. 3, 1954.

Rehearing Denied Dec. 7, 1954.

Application for Leave to File Second
Petition for Rehearing Denied
Dec. 21, 1954.

John G. Hervey, Oklahoma City, Young,
Young & Young, David Young, Sapulpa,
for plaintiff in error.

George H. Jennings, Sapulpa, for defend-
ant in error.

PER CURIAM.

Plaintiff brought this action to establish
ownership of an undivided one-half of a
producing oil and gas lease, and an undivid-
ed one-tenth interest in certain other leases
in Creek and Pawnee Counties, title to all
of which was in defendant's name. An
unduly voluminous record precludes a de-
tailed recitation of the matters disclosed
therein. For consideration of this appeal
the following is a sufficient statement of
the matters providing the bases of this
action.

In the petition plaintiff alleged himself to be an oil man with many years experience in drilling, completing wells, superintending production, and reconditioning exhausted oil wells, and was capable of earning in excess of $550, monthly, while defendant was experienced in raising money to finance acquisition of oil properties and the drilling of wells. Prior to March 21, 1946, plaintiff and defendant entered into an oral contract, by the terms of which they agreed to purchase for their joint and mutual use and benefit a producing oil and gas property known as the "Deere Lease"; that under terms of their contract defendant was to negotiate the necessary financial arrangements, while plaintiff was to render necessary services superintending operation and production of the lease for a nominal salary of $200, per month, the parties to share equally in ownership of, and income and profits derived therefrom.

Further, there was an agreement to purchase other properties from time to time under the same arrangement, with the understanding that plaintiff's salary would be increased periodically by mutual agreement, and that additionally plaintiff would receive an undivided one-tenth interest in such leases; that March 1, 1947, the parties acquired ten producing leases in Creek county, known as the Kellyville leases, and on March 4, 1948, acquired two further leases located in Pawnee county.

Plaintiff alleged full performance of all terms and conditions of the oral contract by reason of his supervision and management of such properties from the various dates of acquisition until April 23, 1948, when defendant, without cause, attempted to repudiate the contract and discharge plaintiff, thereafter refusing to permit plaintiff to participate in management of their properties. Further, record title to all properties was taken in defendant's name and he retained all books and records thereon, received the income therefrom and refused to account therefor, so that plaintiff never received other than a nominal salary for his efforts. Plaintiff asked judgment decreeing him a one-half interest in the Deere lease, a one-tenth interest in the other leases acquired, and for an accounting.

Defendant's answer denied generally the allegations of the petition. Defendant specifically denied he was experienced in financing or drilling wells or promoting speculative ventures, alleged he was, in fact, a consulting geologist and in the course of his business acquired royalties or interests in properties which he held as capital investments; and denied that the contract had been entered into as alleged by plaintiff.

Defendant affirmatively alleged that in December, 1945, he had acquired a producing lease in Hughes county, and on March 21, 1946, acquired the Deere lease as a private venture; prior to acquisition of the Deere lease and the Kellyville lease, he had employed plaintiff in Hughes county at $200 per month, plus expenses; desiring to employ plaintiff to see after the Deere lease, on March 17, 1946, he engaged plaintiff as a general oil field worker to move to Creek county and oversee production from the lease at the same salary, at that time agreeing that in the event he acquired other properties plaintiff's salary would be increased from time to time to compensate for additional responsibilities.

As part of the contract of employment, and to induce plaintiff to remain and extend his best efforts to further plaintiff's interests, defendant told plaintiff if he rendered satisfactory services until the leases and necessary expenditures incident to development were paid out, then, as additional compensation for services rendered, and to be rendered, defendant would execute a written contract agreeing to pay plaintiff a sum equal to one-half the net income from the Deere lease, plus one-tenth of the net proceeds from the Hughes county property and such additional leases as defendant might acquire, and entrust to plaintiff's supervision, all such payments to continue so long as plaintiff continued to work in a satisfactory manner. Under this contract it was mutually agreed either party might terminate the employment without notice or obligation.

Defendant admitted acquisition of the Kellyville and Pawnee county leases as alleged, but denied plaintiff had any interest therein; and alleged that he had received the proceeds from the leases and at all

times had charge of the books and records; that he had increased plaintiff's salary to $350 per month and that he wrote plaintiff a letter (February 22, 1947) which stated, in part:

"* * * this payment, plus one-half of the net production from the Deere lease when it is paid out, plus ten per cent of the company's profit in other leases which we operate should eventually grow to be a handsome thing for you."

Defendant further alleged that he terminated plaintiff's employment on April 23, 1948, as he had a right to do, and that upon such date no profit had been realized from ownership and operation of the leases.

Plaintiff replied by a general denial and, upon the issues presented the case was tried to the court, who entered findings of fact and conclusions of law substantially in accordance with the allegations of the petition. Judgment was entered for plaintiff, requiring defendant to execute conveyances of mineral interests and to render an accounting.

■ Both parties to this appeal have filed lengthy briefs. Defendant has presented eight propositions as grounds for reversal, while plaintiff urges the correctness of the judgment rendered as sustained by the evidence. Under the view which we take of this matter after full consideration of this record, we are of the opinion that a single question is decisive of this appeal. Defendant contends the alleged oral contract was so vague, indefinite and uncertain as to be incapable of enforcement, and that these parties merely agreed they would enter into a written contract, the terms of which were subject to further negotiations, so that there was no meeting of the minds and no contract. It is defendant's position that our statute, 15 O.S.1951 § 104 (quoted hereafter) is decisive of the question. Consideration of the question will require that certain facts disclosed by the record be pointed out, but the mass of testimony concerning every phase of this case makes it impossible to set forth the evidence relative to each factor upon which the conclusion we reach is based.

The statute, supra, provides: .

"Where contract has but a single object, * * *, or so vaguely expressed as to be wholly unascertainable, the entire contract is void."

We are cognizant of the rules heretofore enunciated in prior decisions that the law does not favor invalidation of agreements on the grounds of uncertainty. Webb v. Moran, 186 Okl. 140, 96 P.2d 308. And, a contract is not void for uncertainty because it fails to enter into all the details with respect to the subject matter, if it can be ascertained with a reasonable degree of certainty what the parties intended. Harlow Publishing Co. v. Patrick, 181 Okl. 83, 72 P.2d 511; Webb v. Moran, supra.

Admittedly the alleged oral agreement did not fully cover the subject matter as to which they purportedly were contracting. Although such failure would not be fatal to the contract, if the agreement had been sufficiently definite so that what they intended to agree to could have been ascertained with a reasonable degree of certainty, we think the following matters clearly demonstrate the vague and indefinite nature of the alleged oral contract.

Plaintiff's evidence relative to their entering into the agreement was that, after having investigated the Deere lease they were discussing the matter and defendant offered plaintiff a one quarter interest. Plaintiff thought himself entitled to a larger share and defendant agreed to raise plaintiff's share to one-half in this lease. And, upon being questioned by plaintiff, defendant further agreed to include the gas well in Hughes county. Plaintiff testified he took this offer, but remembered little else concerning the time, place or manner of the agreement.

The evidence does not disclose what, if any term of the oral agreement was settled on. According to plaintiff's testimony it was his understanding that his interest attached at the time of the alleged oral agreement, although at that time the Deere lease had not been purchased. However, plaintiff also testified that he understood his interest would attach when indebtedness on the properties was paid off. As opposed to

plaintiff's testimony in this connection, the defendant testified that plaintiff was to get an interest in the leases if and when they were paid out.

The evidence of both parties discloses their intention to have a written contract, and plaintiff testified defendant was to have such contract drawn and bring it to plaintiff, and that this was prior to acquisition of the Deere lease. Plaintiff testified to having asked defendant about this written contract a number of times, but no written contract ever was drawn up, although during a conversation between plaintiff, defendant and an attorney, the defendant asked the attorney to draft such instrument. Apparently both parties considered a written contract desirable, and contemplated execution of such an instrument. Such facts are strongly indicative of these parties' intention to merge all their negotiations into a written instrument, but this never was accomplished.

There was a total absence of proof relative to the term the alleged agreement was to exist. By plaintiff's own testimony there was no discussion as to whether he could be discharged, nor was there any agreement that he should work for any specified period of time as consideration for receiving the interest he claimed. It is incomprehensible that these parties, who by plaintiff's allegations and evidence, were peculiarly qualified to work out such a project by reason of past experience, would have entered into any arrangement without some clear understanding as to the length of time the agreement would be operative, and what was required of each to discharge his obligation toward the other during the term of the contract.

A particularly striking example of the vague and indefinite nature of the alleged oral contract is to be observed in respect to just what properties were to be included in the agreement. At the time plaintiff testified the agreement was made the defendant owned the gas well in Hughes county. According to plaintiff's evidence the defendant agreed to include this property in the contract, and plaintiff testified that his interest attached at the time the oral agreement was made. However, plaintiff did not seek to have this property included in that which he sued for. Thus it would appear that, although defendant agreed to put this property into the alleged venture, the plaintiff was uncertain just what properties were included. However, it may be that the financial loss suffered on the Hughes county operation inclined plaintiff to the feeling that such property should not be included in the agreement, even though, by plaintiff's testimony, defendant agreed that it would be part of their operations.

Another impressive factor which serves to point up the vague and indefinite nature of the alleged agreement is to be observed in the total absence of any provision for handling of the financial arrangements. The petition alleged the agreement was that defendant would handle the financing of all ventures, while plaintiff was contributing his experience and labor. The evidence showed that the defendant, together with his wife, signed notes and mortgages to raise the money with which the Deere and Rittenmeyer leases were purchased. In completing such arrangements they obligated themselves in excess of $150,000. Yet, in the face of financial operations of this magnitude, there was no agreement or understanding between plaintiff and defendant as to the carrying on of further financial arrangements. According to plaintiff's testimony, his interest in the properties attached at the time of purchase. But, also under his evidence, defendant was to handle all financial arrangements. If this had been the case, assuredly those involved in transactions of this size would have had a thorough understanding whether one of the parties could handle the property at will, without the necessity of inquiring as to the other party's wishes in the matter, and what the responsibility of each was to be in the event of failure.

It is unnecessary to multiply the matters revealed in this record which reflect the indefinite and uncertain nature of the alleged oral contract. Viewed in any light the contract, if one in fact existed, amounted to nothing more than oral negotiations concerning certain properties which were to be purchased in the future. Both parties contemplated that their negotiations even-

tually would be reduced to writing. But, up to the date of the alleged oral agreements, and at no time thereafter, these parties had reached no understanding as to the length of the term of their arrangements, had not finally settled upon exactly what property was covered thereby, had made no definite arrangements relative to handling the financial affairs of their operations (i. e. whether defendant could mortgage all the property in order to carry out further ventures), and had not definitely fixed the time at which the interest plaintiff claimed to have in all the property should attach.

In the early case of Central Mtg. Co. v. Michigan State Life Ins. Co., 43 Okl. 33, 143 P. 175, suit was brought seeking to recover damages for breach of an alleged oral contract. In denying enforceability of the alleged oral agreement, it was pointed out that the statute, supra, (then section 924, Rev.Laws 1910) was merely declaratory of the general law, which declares contracts so vaguely expressed as to be unascertainable wholly void. In the body of the opinion attention was directed to various features of the alleged oral agreement concerning which there were no definite arrangements. The court then had this to say: 43 Okl. at page 38, 143 P. at page 177.

"This fails to meet the requirements of the law in making an enforceable contract. The courts cannot make contracts for litigants, and can only enforce them when the parties use language sufficiently definite to express their intention to a reasonable certainty."

We are not unmindful of the numerous authorities cited and relied upon by plaintiff, to the effect that a contract is not void for uncertainty, even though all the details relative to the subject matter are not specified if it is sufficiently definite so that the parties' intention can be ascertained with a reasonable degree of certainty. We are, however, of the opinion that because of the matters pointed out heretofore, such rule can have no application to the present case by reason of the failure of the alleged agreement to give consideration to more essential matters which were required to be definitely fixed and understood in order to support an oral agreement. For such reason we necessarily conclude that the trial court erred in holding the evidence established the existence of a definite oral agreement which completely fixed all the rights of these parties. In cases of equitable cognizance we will examine the entire record and weigh the evidence, and if found to be contrary to the weight thereof, or contrary to law, we may reverse the judgment and render, or cause to be rendered, such judgment as should have been rendered at the trial. Catlett v. Jordan, 206 Okl. 473, 244 P.2d 564; Staton v. Moody, 208 Okl. 372, 256 P.2d 409.

Judgment reversed and cause remanded with directions to enter judgment for defendant.

JOHNSON, V. C. J., and WELCH, CORN, DAVISON, ARNOLD and O'NEAL, JJ., concur.

HALLEY, C. J., and WILLIAMS and BLACKBIRD, JJ., dissent.

WILLIAMS, Justice (dissenting).

I am unable to agree with the majority opinion. As I understand it the opinion holds that there was no contract between the parties hereto but merely vague and indefinite oral negotiations concerning certain properties which were to be purchased in the future. In my thinking, there is no basis whatsoever in the record before us for such a holding. The testimony of the defendant himself corroborates the testimony of plaintiff in regard to the making of an agreement, including the time and place at which such agreement was made. The only conflict between the testimony of the two parties was as to the terms of the agreement made. Plaintiff contended that the agreement was one of partnership or joint venture, and his evidence supported such contention. Defendant, on the other hand, contended that the agreement was a mere contract of employment and his evidence supported his contention. The case therefore simply presents a question of fact which the trial court resolved in favor of plaintiff on the basis of the conflicting evidence presented. As the majority is over-

turning the judgment of the trial court, it would definitely seem that its opinion should demonstrate wherein that judgment is clearly against the weight of the evidence. Until that can be and is done, I believe that it is neither the duty nor the right of this court to substitute its judgment for that of the trial court on a purely factual question.

The mere fact that the evidence is in conflict as to what the actual terms of the agreement were does not render the agreement so vague and indefinite as to be unenforceable. The statute relied upon by defendant and the majority opinion, 15 O.S. 1951 § 104, requires that a contract be so vaguely expressed as to be *wholly unascertainable* before it will be rendered void for uncertainty. Can the purpose of the agreement in question be said to be wholly unascertainable? I think not. Plaintiff performed his part of the contract for over two years without complaint as to the certainty of the contract, as did defendant. I am unable to understand how a contract could be carried out for over two years without complaint by either party thereto if it were so vague as to be wholly unascertainable. Furthermore, the trial court apparently had no difficulty ascertaining the terms of the contract. The trial court made specific findings of fact as to exactly what the terms of the agreement were, and defendant does not even attempt to argue that the trial court's findings are not supported by the evidence, but rather argues that the evidence merely tended to prove an agreement to enter into a written contract, (and argues other points not material here). If the trial court was able to ascertain the terms of the agreement, it could not logically be said that such terms were wholly unascertainable.

The law looks with disfavor upon the invalidating of agreements on account of uncertainty. Webb v. Moran, 186 Okl. 140, 96 P.2d 308; Oklahoma Portland Cement Co. v. Pollock, 181 Okl. 266, 73 P.2d 427. And a contract is not void for uncertainty even though it does not enter into all the details with respect to its subject matter, if, according to its terms, it is sufficiently definite so that it can be ascertained with a reasonable degree of certainty what the parties intend to agree to. Harlow Publishing Co. v. Patrick, 181 Okl. 83, 72 P.2d 511; Webb v. Moran, supra. The agreement in question is sufficiently definite so that it can be ascertained with a reasonable degree of certainty what the parties intended to agree to, and should therefore be upheld and not held void for uncertainty. Furthermore, defendant is not even entitled to defend the action upon the ground that the agreement is vague and uncertain since he has accepted the services performed by plaintiff in good faith for over two years. Livingston v. Blair, 104 Okl. 238, 231 P. 82.

In my view, in that it fails to demonstrate how the judgment of the trial court is clearly against the weight of the evidence, the majority opinion completely usurps the function of the trial court as the trier of facts and I am unable to concur therein. I therefore respectfully dissent.