Barbara F. COURANGE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–18043.

Court of Criminal Appeals of Oklahoma.

May 31, 1973.

Lee Cate, Norman, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Barbara F. Courange, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Cleveland County, Case No. CRM–72–1037, for the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor. She was sentenced to a term of ten (10) days in the Cleveland County Jail and a fine of fifty dollars ($50.00) and a timely appeal has been perfected to this Court.

The defendant and the State stipulated to the following facts:

"On the 11th day of September, 1972, at some time in the evening after 8:30 o'clock p. m., the defendant was stopped by Officer Jim Levine of the 'Oklahoma University Police Department', by means of flashing red lights, signalling said defendant to stop.

"Officer Levine examined defendant's driver's license, conducted 'field sobriety tests', arrested defendant, transported her to the University of Oklahoma Campus Security Office, held her there approximately ten to fifteen minutes, transported her to the Cleveland County Jail, and there conducted, personally, a 'Breathalyzer' test. Said test according to officer's testimony indicated .16% weight by volume of alcohol present. Officer Levine then caused said defendant to be incarcerated in the Cleveland County Jail and then, or subsequently thereto, signed an Information charging defendant with Operating A Motor Vehicle While Under The Influence Of Intoxicating Liquor.

"At a hearing upon defendant's motion to suppress the evidence, defendant testified she was driving in a normal manner.

**962**

"At trial, Officer Levine testified defendant weaved excessively in her own lane and ran over the curb at one point.

"The actions complained of, the arrest and taking into custody of defendant as aforesaid, took place on Jenkins Street, near the intersection of Brooks and Jenkins Streets, Norman, Cleveland County, which location is a public way within the City of Norman, Oklahoma, and is not on the premises of the campus of the University of Oklahoma."

The sole question to be decided by this Court is does a campus police officer, acting in that capacity, have the power and authority to make arrests on property not owned by the University.

Title 74 O.S.1971 § 360.11 states in part:

"The governing or controlling board of any State Institution of Higher Education is hereby authorized to appoint necessary officers to be designated as campus police *for the purpose of protecting all properties of such institutions wherever located in the State of Oklahoma."* (Emphasis added)

Title 74 O.S.1971 § 360.13 states:

"Any campus policeman or other officer appointed under the provisions of this act shall have all the powers vested by law in peace officers, except the serving or execution of civil process, *in the protection and guarding of grounds, buildings, and equipment of the institution involved,* and shall direct his attention to the prevention of improper conduct and trespassing on the property of such institutions or state park or recreation area, and if required, make arrests and take into custody persons guilty of improper conduct or trespassing."  (Emphasis added)

■ It is this Court's opinion that the powers of a campus policeman are limited to the protection and guarding of grounds, buildings, and equipment of the institution. Therefore, Officer Levine had no power or authority acting as a campus policeman to make the arrest in the instant case. Al-

so, see Smith v. State, Okl.Cr., 510 P.2d 962 (1973) (A–18,159).

It is therefore the order of this Court that this cause should be reversed and remanded with instructions to dismiss and the same is hereby reversed and remanded with instructions to dismiss.

BUSSEY and BRETT, JJ., concur.