STATE of Oklahoma, Appellant,

v.

Patrick Karl OCKERSHAUSER, Appellee.

No. S–95–889.

Court of Criminal Appeals of Oklahoma.

Sept. 3, 1996.

Joel W. Barr, Norman, for defendant at trial.

Richard Stevens, Assistant District Attorney, Norman, for the State at trial.

Joel W. Barr, Norman, Attorney, amicus curiae on appeal.

Tim D. Kuykendall, District Attorney and Richard Stevens, Assistant District Attorney, Norman, for appellant on appeal.

## *OPINION*

JOHNSON, Presiding Judge:

The State of Oklahoma appeals on a reserved question of law pursuant to 22 O.S. 1991, § 1053 from the order upholding the magistrate's order sustaining Appellee's motion to suppress evidence. Patrick Karl Ockershauser, Appellee, was arrested and charged with Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, in violation of 47 O.S.1991, § 11–902 (Count I) and Driving Without a Driver's License, in violation of 47 O.S.1991, § 6–303(a) (Count II) in the District Court of Cleveland County, Case No. CM–94–2538. Appellee filed a Motion to Suppress which was heard on April 6, 1995. The magistrate

(Honorable Rod Ring, Special Judge of the District Court) sustained the motion finding that the University of Oklahoma Police Officer who made the arrest was outside the geographic limits of her jurisdiction. The State attempted to appeal pursuant to 22 O.S.1991, § 1089.1.[1] On May 17, 1995, the Honorable Jerry Colclazier, District Judge, denied the State's appeal and remanded the case to the magistrate for further proceedings. The case was set for non-jury trial on August 2, 1995, before the Honorable Reginald D. Gaston, Special Judge. Appellee was found not guilty of the above charges based on lack of evidence as a result of the suppression of all evidence against him. The State has perfected this appeal. Appellee filed an amicus curiae brief.

The stipulated facts reveal that on December 18, 1994, at approximately 3:40 a.m., Officer Kerr of the University of Oklahoma Police Department ("OUPD") observed an automobile driven by Appellee travelling southbound on Jenkins near the intersection of Jenkins and Lindsey in Norman, Oklahoma. Officer Kerr was in a parking lot on the north side of the University of Oklahoma Athletic Dormitories which are adjacent to South Jenkins. A portion of Jenkins was under construction and blocked. Appellee turned into the parking lot of the athletic dormitories, driving fast, and had to swerve to miss Officer Kerr's patrol unit.

Appellee proceeded onto the street travelling southbound on Jenkins. When Appellee came to the corner of Jenkins and Lindsey, he made a right-hand turn on red which is prohibited by a sign at that corner. Appellee's car proceeded westbound on Lindsey past the corner of Elm and Lindsey to the corner of College and Lindsey where he executed a left turn south. Officer Kerr activated her overhead lights between the intersections of Elm and Lindsey and College and Lindsey. Subsequently, Appellee was arrested by Officer Kerr for operating a motor vehicle while under the influence of intoxicating liquor and driving without a driver's license.

The State of Oklahoma asks this Court to find that the University of Oklahoma Police Officer was in a place where she could make a valid arrest pursuant to 74 O.S.1991, § 360.15 et.seq. and the "Law Enforcement Services Agreement" ("Agreement"), between the Board of Regents of the University of Oklahoma ("Board") and the City of Norman ("City"). Thus, the threshold question is whether the Agreement under which the OUPD exercises its authority and jurisdiction is void for vagueness in defining jurisdiction.

Prior to 1991, the jurisdiction of campus police officers was limited to "guarding of the grounds, buildings, and equipment of the institution." See Courange v. State, 510 P.2d 961, 962 (Okl.Cr.1973); 74 O.S.1971, § 360.13. Effective September 1, 1991, the legislature extended the jurisdiction of campus police officers to areas adjacent to university property when there is an agreement between the university and the municipality. "The jurisdiction of campus police officers includes the campus and *pursuant to an agreement authorized by this act,* [the "Oklahoma Campus Security Act"], *the highways, streets, roads, alleys, easements, and other public ways immediately adjacent to their campus and any other areas authorized by such agreement."* (emphasis added) 74 O.S. 1991, § 360.17(A).

In 1993, the City of Norman and the University of Oklahoma entered into just such an agreement. The Agreement provides, in part:

1. "The ... OUPD ... [has] the authority to enforce criminal statutes, Norman municipal ordinances, and University rules and regulations on all property, including streets, highways, roads, alleys, easements, and other public ways or public property, including streets, highways, and alleys that is surrounded by or predominantly surrounded by Board owned, leased, or rented property.

2. The ... OUPD ... [has] the authority to enforce criminal statutes and Norman municipal ordinances on all property, in-

---

1. This procedure is improper as the case in question is a misdemeanor and, therefore, could only be appealed as a reserved question of law.

cluding streets, highways, roads, alleys, easements, and other public ways or public areas *adjacent* to property owned, leased, or rented by the Board, and *adjacent* to property, including streets, highways, alleys, easements, and other public ways and areas surrounded or predominantly surrounded by Board owned, leased, or rented property." (emphasis added.)

Thus, under the Agreement, OUPD has jurisdiction on property surrounded or predominantly surrounded by Board property, *and* property adjacent to Board property or adjacent to property surrounded or predominantly surrounded by Board property.

However, at the hearing on his motion to suppress, Appellee argued that OUPD was outside its jurisdiction and could only have made a citizen's arrest because the Agreement is invalid. He contended that the Agreement is vague on its face because as applied, the Agreement will result in an unworkable checkerboard definition of jurisdiction. He cited examples where a person could go in and out of OUPD jurisdiction by just travelling down the street. For instance, travelling southbound on Elm from Boyd, there is University property on both sides of Elm until just past Goddard Health Center. Then a private residence interrupts the University property. Appellee asserted that in this scenario, jurisdiction would be difficult to ascertain. The magistrate, too, questioned the vagueness and overbreadth of the Agreement, asking whether the Agreement conferred jurisdiction to OUPD in the Vista building where OU Criminal Defense Clinic leases space, and if so, how far would that jurisdiction extend?

■ Appellee also argued that the Agreement is void because it does not set out the jurisdiction by use of any maps or detailed property descriptions. We do not agree with this argument. It appears Appellee relied on the following section in the Agreement:

11. The parties to this Agreement understand that as time passes, situations change and property ownership and occupancy varies. Parties therefore agree that the Chief Executive Officers of the respective law enforcement agencies are *authorized,* by the use of joint written memoran-

da and/or joint mutual aid agreements and maps, to delineate the responsibilities of each respective department and the geographical boundaries thereof in accordance with the terms of this Agreement. (emphasis added.)

We find the language in this section to be permissive rather than mandatory.

We next address whether the Agreement under which the OUPD exercised its authority and jurisdiction is void for vagueness in defining jurisdiction. In *Brown v. Bivings,* 277 P.2d 671, 673 (Okl.1954), the Oklahoma Supreme Court held that a "contract is not void for uncertainty because it fails to enter into all the details with respect to the subject matter, if it can be ascertained with a reasonable degree of certainty what the parties intended."

■ We have reviewed the Agreement and find that it confers jurisdiction with a reasonable degree of certainty as follows:

1. Where property is surrounded by, or predominantly surrounded by university property; or

2. Where property is adjacent to university property; or

3. Where property is adjacent to property surrounded or predominantly surrounded by university property.

As such, the Agreement is not void for uncertainty or vagueness.

In the instant case, the parties stipulated that the area where Appellee's violation occurred, Jenkins and Lindsey, has University property on either side. The parties further stipulated that on either side of Lindsey between Jenkins and Elm, the property is owned by the University. Thus, we find Appellee was within the jurisdiction of OUPD when he made the illegal right turn. The order upholding the magistrate's decision was erroneous.

ACCORDINGLY, THE RESERVED QUESTION OF LAW ANSWERED.

CHAPEL, V.P.J., and LUMPKIN, LANE and STRUBHAR, JJ., concur.