CLEMONS v. CLEMONS, Adm'r, et al.

No. 31024. Oct. 12, 1943.

Rehearing Denied Jan. 18, 1944.

*145 P. 2d 928.*

Chas. W. Pennel and A. O. Harrison, both of Bartlesville, for plaintiff in error.

Frank Hickman, of Tulsa, for defendants in error.

PER CURIAM. This action, one to establish and enforce an alleged oral contract to adopt plaintiff as a child of Leon Clemons, deceased, and his then wife, and to recover a half interest in the estate of Leon H. Clemons, deceased, to which plaintiff would have succeeded had she been adopted as his child, was instituted by plaintiff in error, hereinafter referred to as plaintiff, against the defendants in error, hereinafter referred to as defendants.

Plaintiff in her position, in addition to the conventional averments therein, as the basis of her claim to a contract for her adoption, made the following allegation:

"Plaintiff further alleges that her mother, Joyce Sutton, died February 19, 1922, leaving this plaintiff and three other minor children; that just prior to the birth of this plaintiff, Leon Clemons and his wife, Eva Clemons, lost a child and were at the time of the birth of this plaintiff childless; that when they learned of the death of the mother of this plaintiff they solicited the father of this plaintiff, Bert Sutton, to give over the care, custody, and control of this plaintiff to the said Leon Clemons, and that immediately this plaintiff was taken into the home of the said Leon Clemons and reared and treated as his own child; that about October 1, 1922, the said Leon Clemons approached Bert Sutton, the father of this plaintiff, and asked permission to adopt this plaintiff, stat-

ing that he and his wife had become very much attached to and had great affection for this plaintiff, and that they desired to rear her as their own child and have her to inherit as their own child, and to change her name; that the father of this plaintiff, Bert Sutton, thereupon consented to said adoption and Leon Clemons agreed to go to the courthouse in Bartlesville and have the necessary adoption papers prepared and sign them and bring them to the said Bert Sutton for his signature, and that the said Bert Sutton thereupon agreed to relinquish and surrender all parental care, affection, control, education, and the society and comfort of said plaintiff to the said Leon Clemons, which agreement the said Bert Sutton has always kept and performed."

Prayer of the plaintiff was for specific performance of the alleged contract and other equitable relief.

The defendants denied that their decedent had contracted as alleged and prayed the plaintiff take nothing by her petition. The sole issue made by the pleadings was one of contract vel non. The parties treated the action as one of purely equitable cognizance and tried the cause to the court. The court found that the evidence relative to the existence of the alleged contract was insufficient to establish the contract for the adoption of plaintiff, and rendered judgment for the defendants.

The plaintiff appeals and as grounds for reversal urges five propositions, which are as follows:

"1. Plaintiff has a legal right to bring this action in her own name.

"2. Right to take property by statutory adoption not exclusive, but right may exist by contract as well.

"3. The law does not favor the destruction of contract for uncertainty.

"4. Contract of adoption may be shown by conduct, acts, and admissions of the parties.

"5. Adoption statutes construed most favorably to children."

Argument of plaintiff under the propositions above quoted proceeds upon the theory that the issue for determination is one of law. In support of said propositions plaintiff cites Eggstaff v. Phelps, 99 Okla. 54, 226 P. 82; Gravelin v. Porier, 77 Mont. 260, 250 P. 823; Clark's Estate, 105 Mont. 401, 74 P. 2d 401; In re Garcia's Estate, 45 N. M. 8, 107 P. 2d 866; 2 C.J.S. 299; Harlow Publishing Co. v. Patrick, 181 Okla. 83, 72 P. 2d 511; Drake v. Drake, 328 Mo. 966, 43 S.W. 556; Kay v. Neihaus, 298 Mo. 201, 249 S.W. 625; Taylor v. Coberly, 327 Mo. 940, 38 S.W. 2d 1055; Eldred v. Glenn (Mo. App.) 52 S.W. 2d 35; 1 Am. Jur. 634; 2 C.J.S. 396; In re Martin's Estate, 169 Okla. 55, 35 P. 2d 968; Lynn v. Hockaday, 162 Mo. 111, 61 S. W. 885; Naedelen v. Wagner, 160 Okla. 66, 15 P. 2d 567; Magevney v. Karsch, 167 Tenn. 32, 65 S.W. 2d 562, 92 A.L.R. 351; 1 Am. Jur. 625; 2 C.J.S. 375-377. The authorities cited support the general propositions advanced by the plaintiff, but they have only a limited application to the issue which this appeal presents for determination, that is whether the judgment of the trial court is clearly contrary to the weight of the evidence. As pointed out above, the issue involved in the trial court was whether Leon H. Clemons had ever contracted to adopt plaintiff as his child. This was an issue of fact rather than an issue of law and the trial court found against the plaintiff thereon. If a contract for the adoption of the plaintiff had been made by Leon H. Clemons in his lifetime, then undoubtedly the plaintiff would have been entitled to maintain an action to enforce it. Eggstaff v. Phelps, supra. The existence of the contract for adoption, however, was the sine qua non without which plaintiff could not prevail and with respect to which she was required to produce clear, cogent, and convincing evidence. 2 C.J.S. 396; Eggstaff v. Phelps, supra; Wales v. Holden, 209 Mo. 552, 108 S.W. 891; Kay v. Neihaus, supra; Taylor v. Coberly, supra; Benjamin v. Cronan, 338 Mo. 1177, 93 S.W. 975. The proof adduced had to be of the character and quantum required to establish a contract of the nature alleged. 1 C.J. 1379; McKee v. Higbee, 180 Mo. 263, 79 S.W. 407.

The evidence of plaintiff, measured by the rules announced in the foregoing cases, was, in our opinion, insufficient to meet the burden which rested upon her. The plaintiff endeavored to establish the creation of the contract by the testimony of her father, Bert Sutton, relative to a conversation which said witness had with Leon H. Clemons in October, 1922. The testimony of this witness, however, shows that the effect of said conversation was merely to show that Leon H. Clemons was then thinking some of possibly adopting the plaintiff at a subsequent date, and that witness advised him that should he desire to take such action, it would be agreeable with the witness and that he would do anything necessary to cooperate with him therein. This evidence falls far short of creating a contract of any kind and more particularly a contract on the part of Leon H. Clemons to adopt the plaintiff and to make her his heir. The plaintiff also seeks to invoke the rule in Harlow Publishing Co. v. Patrick, supra, that where a contract has been shown to exist, the law will not destroy it by reason of any uncertainty therein, but in so doing overlooks the necessity of first establishing the existence of the contract. Plaintiff also seeks to invoke the rule that where a child has been taken into a home and treated as a member of the family, this may be considered as evidence of a contract to adopt the child. Some of the cases cited, upon casual reading, would seem to lend credence to this view. However, a careful examination thereof will disclose that they rather involve the sufficiency of the evidence to support a contract shown to exist rather than to make a contract where none existed nor was intended. The evidence in the case at bar shows that when plaintiff was taken into the home of Leon H. Clemons in February, 1922, she was then approximately a month old, and that there was no agreement between the parties as to how long she would remain in said home or as to what her status therein should be, and that from the moment plaintiff was accepted in said home she was given all of the care, attention, and affection which a child of the parties could have received, and that this continued so long as Leon H. Clemons and his wife lived, and that this care, attention, and affection was lavished upon the plaintiff by virtue of the affectionate and generous nature of said individuals and without any intention on their part to adopt the plaintiff as their child; that this was made manifest by the fact that Leon H. Clemons in 1925 made a will in which he left all of his property to his then wife without making any mention of the plaintiff, and by virtue of the fact that the said Leon H. Clemons and wife thereafter in 1928 or 1929 had a son of their own, to whom in the course of nature and under the laws of succession their worldly goods would descend, and by the further fact that Leon H. Clemons was reputed to have said that while at one time he had thought of the possibilty of adopting the plaintiff, he had later decided not to do so, as he preferred to leave the plaintiff free when she reached more mature years to choose for herself whether she would return to her father and his family or remain on with said Leon H. Clemons and his wife. The fact that a man has taken a child into his home and has bestowed upon such child the care and affection which he would ordinarily give a child of his own does not compel such individual to adopt such child or to make it his heir. 1 C. J. 1373; Wales v. Holden, supra; Sitton v. Ship, 65 Mo. 297.

The action being one of equitable cognizance, we have carefully examined the record and weighed the evidence and are of the opinion after doing so, that the judgment of the trial court is not clearly contrary to the weight of the evidence, but rather is in accord therewith, since it shows that plaintiff failed to make a case by proof of the character and quantum required in this type of action. The contention of plaintiff relative to the rule to be applied in connection with the construction of the adop-

tion statutes is manifestly without application here. No reversible error has been made to appear.

Judgment affirmed.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. RILEY and ARNOLD, JJ., absent.