NICKELL v. NICKELL et al.

No. 35278. · Dec. 16, 1952.

*251 P. 2d 787.*

James M. Springer, Jr., and M. C. Kratz, Stillwater, for plaintiff in error.

Dale B. Sutton and Walter G. Wilson, Chandler, for defendants in error.

CORN, J. Plaintiff brought this action as a minor, by his adoptive mother as next friend, seeking to establish an alleged oral contract whereby the mother's deceased husband, M. H. Nickell, had agreed to adopt plaintiff and execute a will naming plaintiff sole beneficiary, in consideration for plaintiff's adoptive mother remarrying decedent.

The petition first alleged the oral agreement, remarriage of plaintiff's adoptive mother with decedent on February 3, 1933; coverture of the parties and plaintiff's continuous residence, and relationship of father and son with decedent; plaintiff's and his mother's full performance of all contract obligations. Further, subsequent to the contracting parties' divorce, plaintiff continued to reside with decedent and at all times was held out to the public as decedent's son, and a portion of the estate was acquired by their joint industry; decedent failed to adopt plaintiff or ex-

ecute a will in his behalf; or, if made, same had been lost or destroyed. Subsequent to decedent's death defendants herein were named by the probate court as decedent's heirs at law, but they should be adjudged as holding the property as trustees for plaintiff, who was entitled to have the contract enforced by impression of a trust upon the property and a decree setting the property over to him free of any claim by defendants.

The second count alleged an oral contract entered into between decedent and plaintiff while they lived together as father and son, following a third divorce between plaintiff's mother and decedent, whereby decedent agreed to will all his property to plaintiff in return for his living with and assisting decedent during the balance of his lifetime. Plaintiff alleged full performance of his obligation under this contract and that, prior to his death, decedent showed him an envelope containing a will, executed pursuant to such contract, which was placed in decedent's desk. After decedent's death the desk and contents were removed from the home upon the administrator's orders, and defendants therefore held all the property for plaintiff, who was entitled to specific performance of the contract, and to have the property set over to him free of any claim by defendants.

Certain defenses pleaded in defendant's answer were disposed of by motion, and the case proceeded to trial upon the issues presented by defendants' general denial, to which plaintiff replied by general denial of all matters pleaded in the answer. Having reached majority during pendency of the action, plaintiff was granted leave by the trial court to proceed in his own name.

At the trial defendants objected to the introduction of evidence by plaintiff upon the grounds that: (1) the first cause of action attempted to enforce an oral contract made in consideration of marriage, thus violating the statute of frauds; (2) it attempted to enforce an oral antenuptial contract requiring decedent to make a will in violation of statutes; (3) the second cause of action was an attempt to enforce an oral contract made by a minor; (4) both causes of action attempted to procure a determination of heirship during pendency of administration proceedings in the probate court, so that district court was without jurisdiction. Defendants' objections based upon first two grounds were sustained.

To support the first cause of action plaintiff sought to introduce testimony by his mother tending to establish the matters alleged. Objections were sustained to the offered testimony concerning the second cause of action, as well as all testimony relative to matters occurring after the third divorce.

Plaintiff further sought to introduce his mother's testimony to show that in 1947 or 1948 decedent advised her that he had made a will in compliance with the contract. Objections were sustained to this testimony, as well as to other testimony plaintiff offered in an attempt to prove the allegations of his petition, and also to the evidence relied upon to support the first cause of action. Thereafter plaintiff introduced evidence concerning the second cause of action and a demurrer thereto was sustained upon the ground this testimony failed to establish the existence of any contract between plaintiff and decedent.

The assignments of error urged by plaintiff as grounds for reversal of the trial court's judgment are presented under three propositions, the first of which is that the court erroneously sustained defendants' objections to the introduction of evidence supporting the first cause of action. The petition alleged an oral agreement between plaintiff's mother and the decedent. Whether such agreement was for plaintiff's adoption, or to make a will in his behalf, it is apparent the consideration for the alleged agreement was the mother's agreement to remarry decedent. Our statute (15 O.S. 1941 § 136) in part, provides:

"The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent:

"* * *

"3. An agreement made upon consideration of marriage, other than a mutual promise to marry."

There were neither allegations nor proof that the agreement was reduced to writing and signed by the parties, so as to come within the exception set out in the statute. The alleged contract upon which plaintiff sought to base his cause of action being violative of the statute, supra, the trial court was correct in sustaining defendants' objections to the introducing of evidence relative thereto.

To support the first contention plaintiff relies upon Eggstaff, Adm'x, v. Phelps, 99 Okla. 54, 226 P. 2d 82, and insists that, under the rule therein announced, the petition herein considered stated a cause of action and the alleged agreement cannot be held to be within the statute of frauds.

The decision in the Phelps case, supra, is expressive of the recognized exception that the statute of frauds does not apply to a contract which is fully executed. Examination of the case reveals two points of factual dissimilarity. First, the consideration for the oral contract to adopt and make testamentary disposition for the minor child was the natural mother's agreement to relinquish all claims to her child. Second, in later years the adoptive mother gave written consent to the child's marriage, thus providing a written memorandum of the oral contract. The wide difference in the fact situations precludes application of the principles of that case to the present appeal.

Plaintiff also contends the trial court erred in refusing to allow him to introduce testimony that decedent had executed a will in his favor. It is urged that this would have established performance of the contract, and thus have taken the case out of the statute of frauds. The only testimony concerning execution of a will may be summarized as follows: Plaintiff's mother sought to testify that decedent, in the presence of others, said he had "taken care of that." One of the parties alleged to have been present on this occasion was offered to corroborate this statement. Plaintiff attempted to testify that, on one occasion, decedent showed him an envelope and advised him that it was his will in plaintiff's favor and placed same in his desk. Defendants' objections were sustained as to all the testimony plaintiff sought to give concerning the discussion allegedly had with decedent concerning the purported will. Plaintiff further sought to show that the desk containing decedent's papers was removed by the administrator immediately after decedent's death. Plaintiff neither alleged nor sought to prove due execution of the alleged will, the full contents and the loss or destruction thereof. The petition simply alleged the will, *if made,* had been lost or destroyed.

The necessity, in some cases, of proving lost or destroyed wills is recognized, and statutory procedure is provided to this end. 84 O.S. 1951 §91 et seq. In the absence of any effort to prove due execution, and the contents of a will, and subsequent loss or destruction of such instrument, no error properly could be claimed upon the trial court's refusal to permit hearsay testimony which, taken at its strongest value, would have proved nothing more than a possibility that decedent might have made a will.

In 57 Am. Jur., Wills, §976, the rule is stated as follows:

"* * * The declarations of the testator that he had made a will are not to be regarded as adverse to anyone. It has been frequently held that declarations by a testator after execution of his will are admissible in case of its loss as corroborative evidence to prove its existence. There is authority for the rule that declarations of the testator in reference to the due execution of the will

536

are admissible only in corroboration of other competent evidence of that fact, and cannot be received as primary evidence of due execution of a lost will in lieu of the evidence required by law."

It is unnecessary to consider other arguments urged on appeal. This was an equitable proceeding to establish plaintiff's right to specific performance of an alleged oral agreement to adopt and thereafter devise property to plaintiff. Plaintiff's action being of equitable cognizance, the trial court's findings on any material issue will not be disturbed unless clearly against the weight of the evidence. Stinchcomb, v. Stinchcomb, 207 Okla. 59, 246 P. 2d 727.

Judgment affirmed.

DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur. HALLEY, V. C. J., and WELCH and GIBSON, JJ., concur in result.