Eula BYFORD, Petitioner,

v.

CITY OF DUNCAN, a Municipal Corporation, State Insurance Fund and the State Industrial Court, Respondents.

No. 39557.

Supreme Court of Oklahoma.

June 25, 1963.

Cund & Garvin, Duncan, for petitioner.

Mont R. Powell, James N. Khourie, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

## PER CURIAM.

On July 28, 1958, Eula Byford, hereinafter called Claimant, filed her claim in the State Industrial Court to recover death benefits under the provisions of the Workmen's Compensation Act by reason of the death of her stepfather, Orville Bowie Wininger, who died on July 11, 1958. It is admitted that the decedent was an employee of the City of Duncan at the time of his death and that his death arose out of and in the course of his hazardous employment.

On July 31, 1958, Respondents filed their answer and denied liability on the ground that the deceased employee did not leave any dependent heirs at law. The next proceeding in the Industrial Court was had on October 6, 1960, when the cause came on for hearing. Part of the evidence adduced by Claimant to sustain her allegation that she was an heir of the decedent at the time of his death was an order of the County Court of Stephens County, Oklahoma, entered on July 16, 1960, which, inter alia, contained the following:

"(3) That said decedent never formally adopted EULA BYFORD, the plaintiff herein, in compliance with the procedures set forth by the Statutes of the State of Oklahoma;

\* \* \* \* \* \*

"(4) That the facts and evidence brought forth in the hearing hereof, clearly, definitely and conclusively establish a contract on the part of decedent to adopt plaintiff and said facts and evidence further clearly establish complete performance of said contract on the part of plaintiff and decedent during the lifetime of decedent.

"(5) That the statutes relating to the adoption of children are not exclusive to the extent that no right to take property as an adopted child may be created in any other way; that though decedent made no will in his lifetime naming plaintiff as his heir and devisee, plaintiff is entitled to maintain this action to enforce the contract of adoption; that this Court should consider that done which ought to have been done and decree the plaintiff's right to her inheritance the same as if a formal adoption had taken place.

\* \* \* \* \* \*

"That on the date of the death of said Orville Bowie Wininger, he left to survive him as his sole and only heir at law, EULA BYFORD, his adopted daughter, who thereupon inherited the entire estate of said decedent."

The State Industrial Court denied an award and in the order it is stated:

"The decedent, Orville Bowie Wininger, died on July 11, 1958, as a result of an accidental injury on said date arising out of and in due course of his employment by respondent, and left no legal and dependent heirs, and a claim of the step-daughter and step-granddaughter should be denied for the reason that a purported decree of heirship of the County Court of Stephens County is not binding upon the respondent and insurance carrier because they were not parties to said action and are strangers to said proceedings which was an attempt to circumvent the law and is an invasion of the duties and prerogatives of the State Industrial Court. IT IS THEREFORE ORDERED that this CLAIM is denied."

Claimant contends that a county court is a court of general jurisdiction over pro-

bate matters and is vested with jurisdiction to determine heirship and by the express language of Title 84 O.S.1961, Sec. 251, its determination "shall be conclusive evidence of said question in all the Courts of this State"; that its judgment determining heirship is not subject to collateral attack and Respondents are estopped by judgment and cannot now impeach the determination of the County Court as to the heirship of decedent.

Assuming, but not deciding, that the county court had the power and authority to determine that claimant was an heir of decedent by virtue of the alleged contract of adoption, in examining the order of the County Court of Stephens County, determining the heirs of decedent, we find the action was brought against the "heirs, executors * * * immediate and remote, the creditors and record claimants of Orville Bowie Wininger, and the unknown heirs, executors, administrators * * * and the unknown creditors and claimants of Orville Bowie Wininger * * *."

Claimant does not contend that Respondents were parties in the county court action, or had notice of the action or could have intervened in said action if they so desired. In this connection, she states: "Claimant does not contend that because of the doctrine of res judicata respondent is barred to question the judgment of the county court in an action to which respondent was not a party." Claimant further states that "If the claimant were relying on theory of res judicata, the respondent might argue effectively that it should not be bound by the determination of the county court in an action to which it was a stranger, in which it had no right to make a defense and in which it was unable to introduce evidence or cross examine witnesses. Claimant does not rely on this theory, however, but instead relies upon the theory of estoppel by judgment." In other words, claimant tacitly admits that Respondents were not parties in the county court action and had no right to contest or make defense in the action. However,

Claimant contends that Respondents are estopped by judgment and cannot now impeach the determination of the county court. Claimant cites Runyan v. City of Henryetta, Okl., 321 P.2d 689, and Brown v. Briggs, Okl., 292 P.2d 385.

An examination of the above cases reveals that in both instances there was an "identity of parties", i. e., the parties or their privies were involved in both the original and subsequent actions.

When the action was filed in the County Court of Stephens County, (which Claimant contends the judgment rendered therein operates as an estoppel by judgment) there was pending in the Industrial Court Claimant's claim for compensation for death benefits. One of the basic issues before the Industrial Court was whether the claimant was an heir of the deceased employee. Title 85 O.S.1961, Sec. 22, specifically provides:

"The following schedule of compensation is hereby established:

* * * * * *

"7. If the injury causes death * * * compensation shall be payable * * * to the dependents of the deceased employee as defined herein. * * *"

Title 85 O.S.1961, Sec. 3.1, provides:

"In respect to death benefits under this Act, the following definitions shall apply:

"(1) The term 'Dependent' or 'Dependents,' * * * shall mean and include the heirs at law of the deceased, as defined by the Descent and Distribution Statutes of Oklahoma. * * *"

In Stark v. Watson, Okl., 359 P.2d 191, we held:

"In order to participate in the compensation payable under the death benefit provisions of the Workmen's Compensation Act a person must be an heir at law of decedent as defined by the descent and distribution statutes and a

dependent as defined by the Workmen's Compensation Act."

In the case of Sinclair Oil & Gas Company v. State Industrial Commission, Okl., 338 P.2d 866, we pointed out that an award for death benefits is not an asset of the estate of the decedent. In Jones v. Loving, Okl., 363 P.2d 512, we recognized the power and the authority of the State Industrial Court to determine whether an alleged heir was an actual heir of a deceased employee by virtue of an alleged adoption. In E. G. Nicholas Construction Co. v. State Industrial Commission, 207 Okl. 428, 250 P.2d 221, we held:

"In the absence of a surviving widow, or the appointment of a personal representative, a claim for death benefits under the provisions of the Workmen's Compensation Law must be filed and prosecuted by the next of kin. All persons of the next of kin are necessary parties."

In considering the issue of estoppel by judgment we should also consider the conclusiveness of the judgment of the county court under the provisions of Title 84 O.S. 1961, Sec. 251, which provides:

"The County Court having jurisdiction to settle the estate of any deceased person is hereby granted original jurisdiction to hear and determine the question of fact as to the heirship of such person, and a determination of such fact by said Court shall be conclusive evidence of said question in all the Courts of this State. Provided, that appeals may be taken from said County Court within the time and in the manner provided by law as in other probate matters. * * *"

In the case of Love, Adm'r v. Wilson, 181 Okl. 558, 75 P.2d 876, we held that appeals from judgments or decrees in probate matters may be maintained only by "a party aggrieved" or "a party interested in the estate or funds affected" by the decree or order; that "a party aggrieved" is one whose pecuniary interest is directly affected or whose rights of property is established or divested by the decree and whose statutory rights or immunities will be altered, enlarged or abridged by the decree. In the fifth syllabus we held:

"Since an administrator in his representative capacity can never be a 'party aggrieved' or a 'party interested' in a decree which merely determines the heirs at law of the estate for which he is administrator, he cannot maintain in his representative capacity an appeal from such decree."

In considering the above cases and the statutory provisions in connection with the facts in the instant action, we find Claimant had filed her claim for compensation for death benefits in the proper tribunal; that it was necessary for Claimant to prove that she was not only an heir at law but a dependent of the deceased employee; that if Claimant's claim were sustained, it would not inure to the benefit of the estate of the deceased employee but to the dependent heirs of the deceased employee and the question as to whether Claimant could participate in the award if an award for death benefits were part of the estate of a deceased employee, was not an issue in the Industrial Court nor an issue before this Court; that the State Industrial Court had the power and authority to determine if the Claimant was an heir of the decedent; and, that all the persons of the next of kin of the deceased employee were necessary parties in the proceeding before the Industrial Court. Claimant admits that Respondents were not parties in the county court proceeding and could not defend that action; and that Respondents did not have a pecuniary interest in the county court proceedings which would be directly affected nor any property rights to be established or divested by an order of the county court.

Therefore, to sustain Claimant's contentions we would have to hold that, "Where a claim is filed in the Industrial Court for death benefits and all persons of the next of kin are necessary parties, and the employer files an answer alleging that Claimant

is not an heir of the deceased employee and not entitled to such benefits, Claimant may have the issue of heirship determined in a separate action brought in a county court and a determination of the county court that Claimant is an heir of the deceased employee by virtue of an oral contract of adoption operates as an estoppel by judgment and is conclusive by virtue of Title 85 O.S.1961, Sec. 251, against the employer in the proceeding in the Industrial Court, even though the employer was a stranger to and not a necessary party in the county court proceeding and had no pecuniary interest in the county court proceeding which would be directly affected nor had any property rights to be established or divested."

▪ We cannot conclude that the theory of estoppel by judgment was ever intended to be or is applicable under such circumstances or that the county court's judgment is conclusive on the Respondents. We therefore hold that under the facts in the case at bar, Respondents are not estopped by judgment and the county court's judgment is not conclusive on Respondents and the question as to whether Claimant is a dependent heir of the decedent in so far as being entitled to death benefits is concerned, was solely within the province of the State Industrial Court.

We will consider Claimant's contention that "assuming that Respondent and the Industrial Court are not bound to recognize the county court's determination of heirship, the evidence before the Industrial Court was sufficient to warrant an award in favor of Claimant."

Claimant is relying on a contract to adopt to sustain her position that she was an heir of decedent.

Assuming, but not deciding, that the State Industrial Court could determine that Claimant was an heir of decedent by virtue of the alleged contract of adoption, the evidence discloses that Claimant was 45 years of age at the time of the death of decedent; her mother married decedent at an unstated time but it was before Claimant married

her husband in 1937, that she and her husband lived with her mother and decedent until her husband's death and she continued to live with her mother and decedent. Claimant's mother died in 1956, and Claimant continued to live with the decedent until his death on July 11, 1958.

Claimant testified that decedent always introduced her as his daughter, treated her as a natural daughter and provided her with a home and the necessities of life. Claimant's aunt testified that decedent treated Claimant as his natural daughter and that decedent had said that he wanted to adopt Claimant.

In the case of Eggstaff v. Phelps, 99 Okl. 54, 226 P. 82, we held:

"The evidence required to establish a contract of adoption must be clear, definite, and conclusive."

See also, Clemons v. Clemons, 193 Okl. 412, 145 P.2d 928.

▪▪ On the issues under consideration it is our province and duty to review the evidence and make an independent finding from the evidence. D. P. Greenwood Trucking Co. v. State Industrial Commission, Okl., 271 P.2d 339. We have examined the evidence and are of the opinion, and find that the evidence submitted by the Claimant to establish a contract of adoption is not sustained by the evidence. We therefore hold that Claimant was not an heir of the deceased employee is so far as being entitled to compensation for death benefits under the Workmen's Compensation Act.

Since we have concluded that Claimant was not an heir of decedent, in so far as being entitled to death benefits under the Workmen's Compensation Act, the order denying the award is sustained.

Order sustained.

HALLEY, V. C. J., and DAVISON, JOHNSON, IRWIN and BERRY, JJ., concur.

JACKSON, J., concurs in results.

BLACKBIRD, C. J., and WILLIAMS, J., dissent.