**George L. CROZIER, Plaintiff,**

**v.**

**Wilbur J. COHEN, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 68–374.**

United States District Court
W. D. Oklahoma.

May 22, 1969.

Lynnie Clayton Spahn, Oklahoma City, Okl., for plaintiff.

B. Andrew Potter, U. S. Atty., Ronald Howland, Asst. U. S. Atty., for defendant.

## ORDER

DAUGHERTY, District Judge.

Plaintiff seeks by this proceeding to overturn the final determination of the Defendant that he is not entitled to child's insurance benefits under 42 U.S. C.A. § 402(d) and § 416(e). Both parties have moved for summary judgment. The facts as found by the Hearing Examiner are not in dispute. In 1955, the natural parents of Ronald Allen Crozier left him with Plaintiff and his wife shortly after his birth. About a year later, the child's natural father left with Plaintiff and his wife a notarized paper giving them power of attorney respecting the care of said child. When Plaintiff made application for social security benefits in 1964, he was unable to show

that the child had been adopted by him and immediately began the proper legal proceedings for adoption. More than 24 months thereafter, the adoption decree became final, but during the pendency of such proceedings, the child was the ward of the court, inasmuch as the Plaintiff and his wife were proceeding without the consent of the child's parents, who could not be located. While some responsibility for the extraordinary delay in completing these proceedings was acknowledged by the Oklahoma Department of Welfare, the Examiner also found that Plaintiff was also at fault in that he did not pursue the matter with diligence for fear that the Welfare Department might find him and his wife unfit parents because of their age. While this situation is unfortunate, it is not material to the disposition of Plaintiff's claim.

■ The issue herein is whether there was an effective adoption of the child, Ronald Allen Crozier, before the expiration of the 24 months specified in 42 U.S.C.A. § 402(d) (1) (B) after Plaintiff first applied for social security benefits. There was no statutory adoption within this time and Plaintiff relies on the doctrine of "equitable adoption." Equitable adoption is a theory of law which permits a person for whom a binding contract of adoption has been made to assert certain rights thereunder. See, generally, 2 C.J.S. Adoption of Children § 26 et seq. Thus, to the above issue may be added the further factual issue of whether a contract for the adoption of the child existed prior to the expiration of the mentioned 24 months period and the legal issue of whether the Examiner applied the proper principles of Oklahoma law in determining from the evidence that there was no such contract.

■ Oklahoma law is incorporated into the framework of the social security laws by 42 U.S.C.A. § 416(h) (2) (A). This section prescribes the test for establishing the status of adoptive child as whether such child would have the same status as a natural child relative to taking personal property of the adoptive parents by intestate succession. In Oklahoma, adoption is a matter of private contract, consummation of which is by judicial act. In re Hughes, 88 Okl. 257, 213 P. 79 (1923). Outside the statutory authority for adoption, there exists no power in the individual to create the status of parent and child without such judicial sanction. In re Captain's Estate, 191 Okl. 463, 130 P.2d 1002 (1942). An adopted child, that is, one for whom all the statutory requirements have been perfected, stands in matters of inheritance from the adoptive parent in the same relation as a natural child of that parent. 10 Okl.St.Ann. § 60.16. There is no other provision for inheritance, and the common law did not recognize the adopted child as an heir of one who died intestate. Jacobs v. Duncan, 75 Okl. 71, 181 P. 936 (1919); 2 C.J.S. Adoption of Children § 63, pp. 452–453. The Hearing Examiner concluded that in contemplation of Oklahoma law, Plaintiff failed to effect adoption of Ronald Allen Crozier within the times specified, and according to the principles discussed above, his conclusion is correct.

■ Under the doctrine of equitable adoption, a person has been permitted to participate in the estate of another not his natural parent but who was the obligee under a binding contract of adoption. See Clemons v. Clemons, 193 Okl. 412, 145 P.2d 928 (1943), and Eggstaff v. Phelps, 99 Okl. 54, 226 P. 82 (1924). The facts in both of the above cases are essentially the same. There was an oral contract between the natural and adoptive parents of the child for its adoption, death of the adoptive parent, and consequent suit by the adoptive child for a share of the estate as if it were a natural child of the deceased. In each case the court allowed enforcement of the contract on a theory similar to that of enforcing a contract to make a will. In neither case did the court determine the status of the child. In contemplation of law, the child was neither the natural nor the adopted child of the adoptive

parent. To assert a claim of equitable adoption, Plaintiff must show that a binding contract between himself and a natural parent of the child existed prior to the expiration of the specified time. The fact question which the Examiner faced was whether a contract for adoption existed. The standard of proof is that the contract must be established by clear and convincing evidence. Clemons v. Clemons, supra, 145 P.2d at p. 929. This issue was determined adversely to the Plaintiff by the Examiner correctly applying the legal principles above discussed to the evidence before him. The Examiner found: (1) "* * * it is not clear there was ever a consent to adopt given by Ronald's natural parents * * *" and (2) "* * * [it is not clear] that the Croziers ever agreed with one or both the natural parents that they would take Ronald and devise a portion of their property to him." The Court notes that Ronald's natural father gave only a power to Plaintiff to act in matters respecting his care. This is far short of consent to adoption. A power may be revoked at any time. The record is bare of any evidence of any adoption agreement between the Croziers and Ronald's natural parents. There is not only a lack of clear and convincing evidence of a contract, but also not even evidence sufficient to establish, prima facie, the possibility of one. Thus, without either a contract for adoption enforceable by Ronald Allen Crozier or an adoption decree, he had no right under Oklahoma law to take from Plaintiff by intestacy.

The Court is of the opinion that the Examiner applied the correct legal principles to the evidence before him and that his findings are correct on the basis of such legal principles. It is not possible to say that his finding that there was no contract to adopt is supported by substantial evidence, because this is a negative finding made in the absence of evidence and would be a contradiction of terms in this case. Plaintiff failed to establish his case with evidence on which the Examiner would be justified in finding the existence of a contract for adoption.

Accordingly, the final determination of the Defendant should be affirmed. Judgment will be entered accordingly. The Defendant will prepare the judgment of affirmance and present same to the Court.